PETITION OF CHARLES CASSIDY for a Writ of *Habeas Corpus.*

Pub. Laws R. I. cap. 603, § 11, of March 27, 1877, is not unconstitutional, the power conferred by it on the Board of State Charities and Corrections being disciplinary and not judicial.

A sentence pronounced subsequent to the enactment of this section is pronounced subject to its provisions.

One sentenced to the Reform School and allowed to go at large on probation, but not discharged, remains legally an inmate of the school.

*October* 30, 1880. PER CURIAM. On May 12, 1878, the petitioner was sentenced, on complaint that he was a vagrant, to the Providence Reform School during his minority, or in the alternative to the Providence County jail for thirty days. He was afterwards permitted to go at large on probation but without being discharged. October 3, 1879, while he was so at large, he was arrested by direction of the trustees of the Reform School, and thereupon, without first being returned to the school, he was removed to the state workhouse as incorrigible, by order of the Board of State Charities and Corrections given in compliance with an application of the trustees of the Reform School under Pub. Laws R. I. cap. 603, § 11, of March 27, 1877.[1] The petitioner

[1] As follows: "Sect. 11. Such board (*i. e.* the Board of State Charities and

asks to be released on two grounds. The first is that the application of the trustees was unwarranted because he was not an inmate of the Reform School when it was made. We think, however, that the petitioner though not actually confined in the Reform School was yet in contemplation of law an inmate of the school and subject to its discipline, having never been discharged. The second ground is that the statute authorizing the removal is unconstitutional, because it confers judicial power on the Board of State Charities and Corrections and enables them even to alter the sentence of the court. We think this ground is also untenable. The statute was enacted before the sentence was pronounced, and the sentence must therefore be held to have been pronounced subject to its provisions. And the power given to the board is in our opinion simply disciplinary, and not in the constitutional sense of the word judicial. The petition is therefore denied.                        *Petition dismissed.*

    *John M. Brennan*, for petitioner.

---

Corrections) may cause any inmate of the Providence Reform School, who shall be deemed incorrigible or an unfit person to remain therein by the trustees thereof, upon their application, to be removed, with the *mittimus* committing him thereto, to the state workhouse, there to remain until the expiration of the term of the sentence stated in the *mittimus*. Said board may cause any person sentenced to the jail in the County of Providence, whenever in their opinion it shall be for the interest of the State and of such sentenced person, to be removed, with the *mittimus* committing him thereto, to the state workhouse, there to remain until the expiration of the term of the sentence stated in the *mittimus*. And every person sentenced to such workhouse, or removed thereto in the manner above provided, who shall escape or attempt to escape therefrom, may be returned thereto, and shall, on conviction of such escape or attempt to escape, be imprisoned in such workhouse not less than six months nor more than twelve months, in addition to the previous sentence. The board may cause any inmate of the state workhouse and house of correction, who shall be by them deemed to be a dangerous or unfit person to remain therein, to be removed, with the *mittimus* committing him thereto, to the jail in the County of Providence, there to remain until the expiration of the term of the commitment stated in the *mittimus*."